United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

BLAKE A COPES,

        Plaintiff,

    v.

THYSSENKRUPP SUPPLY CHAIN
SERVICES NA, INC.,

        Defendant.

Case No. 25-cv-06645-TLT (LB)

**DISCOVERY ORDER**

Re: ECF No. 34

### INTRODUCTION

The plaintiff in this putative class action served document requests and interrogatories for "basic precertification discovery for the putative class members relating to their unpaid wage and meal and rest break claims." The defendant asks to stay discovery until the trial court decides its motion to compel arbitration, set for a hearing on April 28, 2026. The plaintiff, who operated a forklift in the defendant's warehouse, contends that he is exempt from arbitration under the Federal Arbitration Act (FAA), which exempts "contracts of employment of seamen, railroad employees, or any other class of workers engaged in foreign or interstate commerce."[1] 9 U.S.C. § 1; *Sw. Airlines Co. v. Saxon*, 596 U.S. 450, 458–59 (2022) (§ 1 applies to "transportation workers . . . actively engaged in

_____

[1] Disc. Letter Br. – ECF No. 34 at 1, 3. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

ORDER – No. 25-cv-06645-TLT (LB)

transportation of . . . goods across borders via the channels of foreign or interstate commerce"); *Ortiz v. Randstad Inhouse Servs., LLC*, 95 F.4th 1152, 1157–58, 1160–62 (9th Cir. 2024) (warehouse worker who transported packages to and from storage racks, helped other employees obtain packages for shipping, and assisted in preparing packages for shipment was exempt).

Given the case schedule, and in aid of the scheduled mediation,[2] the court orders discovery about class members, policy documents about wages and hours, and floor plans.

## STATEMENT

The plaintiff worked as a forklift driver for the defendant at its warehouse in Livermore, California, from December 10, 2021, to April 4, 2025, first through a temporary agency and then as a direct hire starting in May 2022. His job involved unloading shipments that routinely originated from outside California and transporting them to other areas of the warehouse until they shipped to their next destination. On behalf of a putative class, he claims that the defendant failed to pay overtime, provide meal-and-rest breaks, indemnify employees for work-related losses and expenditures, provide accurate wage statements, and timely pay final paychecks, in violation of the California Labor Code.[3]

Two fully briefed motions are set for hearings before the trial court: the plaintiff's motion to remand for failure to satisfy CAFA's amount-in-controversy requirement (set for February 3, 2026) and the defendant's motion to compel arbitration (set for April 28, 2026).[4] Class-certification expert reports are due November 6, 2026, the plaintiff's deadline to move for class certification is December 11, 2026, and the hearing is April 20, 2027. The parties have a private mediation set for May 15, 2026.[5]

---

[2] Joint Case-Mgmt. Statement – ECF No. 23 at 9 (referencing discovery needed for early private mediation); Stipulation – ECF No. 26 at 2 (mediation set for May 15, 2026).

[3] Compl. – ECF No. 1-1 at 7–8 (¶¶ 3–4), 9–17 (¶¶ 13–46); Copes Decl. – ECF No. 31-1 at 2 (¶¶ 2–3); Dooley Decl. – ECF No. 28-3 at 3 (¶ 6).

[4] Dkt. Text – ECF No. 29; Order – ECF No. 25 at 2 (¶ 12).

[5] Order – ECF No. 25 at 2 (¶¶ 8–9) (class certification); Stipulation – ECF No. 26 at 2 (mediation).

ORDER – No. 25-cv-06645-TLT (LB)                    2

United States District Court
Northern District of California

The plaintiff seeks five categories of precertification discovery: (1) class time and pay records; (2) class contact information; (3) class policy documents relating to the challenged wage-and-hour practices; (4) floor plans and distance between timeclocks and entrances/exits to assess uncompensated walking time; and (5) "basic" documents relating to the Rule 23 class-certification issues of numerosity, commonality, adequacy, and typicality. The defendant asks to stay discovery until the trial court decides the motion to compel arbitration.[6] The court held a discovery hearing on January 29, 2026.

## ANALYSIS

Parties may obtain discovery regarding any nonprivileged matter relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information need not be admissible to be discoverable. Fed. R. Civ. P. 26(b).

The federal rules do not provide for a blanket stay of discovery when dispositive motions are pending. *Garcia v. Experian Info. Sols., Inc.*, No. 23-cv-04672-BLF, 2024 WL 1117912, at *1 (N.D. Cal. Mar. 13, 2024) (staying discovery pending resolution of motion to compel arbitration). The court nonetheless has wide discretion in controlling discovery. *Id.* (quoting *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1998)). That includes protecting a party from oppression, undue burden, or expense. *Id.* (quoting Fed. R. Civ. P. 26(c)). Courts routinely stay discovery pending motions to compel arbitration because if the motion is granted, the arbitrator will determine the nature and scope of discovery. *Olson v. World Fin. Grp. Ins. Agency, LLC*, No. 5:24-cv-00477, 2025 WL 2243646, at *1 (N.D. Cal. Aug. 6, 2025) (collecting cases). A short stay often serves the parties' interests in conserving resources and the court's interest in securing just, speedy, and inexpensive resolutions of cases before it. *Id.*

---

[6] Disc. Letter Br. – ECF No. 34 at 1–3.

Courts in this district apply a two-prong test to determine whether to stay discovery pending resolution of dispositive motions, including motions to compel arbitration. *Garcia*, 2024 WL 1117912, at *1 (citing *In re Nexus 6P Prods. Liab. Litig.*, No. 17-cv-02185-BLF, 2017 WL 3581188, at *1 (N.D. Cal. Aug. 18, 2017) (collecting cases)). First, the motion "must be potentially dispositive of the entire case, or at least dispositive on the issue at which discovery is directed." *Id.* Second, the court must determine whether the motion can be decided without discovery. *Id.* If the answer to both questions is yes, then the court may issue a protective order staying discovery. If the answer to either question is no, then discovery proceeds. *Id.*

In applying this two-part test, the court must take a "preliminary peek" at the merits of the dispositive motion to assess whether to stay discovery. *Id.* In conducting this analysis, courts sometimes consider "whether a stay of discovery will promote efficiency or conserve the parties' resources, recognizing that engaging in discovery prior to adjudication of a strong motion to dismiss would represent a potential 'waste of resources.'" *Pereda v. Gen. Motors LLC*, No. 21-cv-06338-JST, 2022 WL 19692037, at *1 (N.D. Cal. Mar. 15, 2022).

The motion to compel arbitration is dispositive, and discovery is not needed to decide it. The court can stay discovery. The issue is whether, given a court's broad discretion to manage discovery, any discovery should be allowed now. It should. Mediation is scheduled two weeks after the motion hearing: some insight is needed about the class and potential damages for mediation to be productive. Expert discovery for class certification closes in November. Presumably the parties are postponing most damages expert discovery until after the May mediation, but they need to do some evaluation now. The court's "preliminary peek" also supports this analysis. In sum, basic class-certification discovery promotes efficiency. That said, "fulsome discovery while [a] motion to compel arbitration is pending could undermine the potential efficiencies of arbitration and lead to inconsistent results." *Olson*, 2025 WL 2243646, at *1 (staying discovery pending resolution of a motion to compel arbitration); *Garcia*, 2024 WL 1117912, at *1 (same).[7] Balancing these interests militates in favor of the following discovery.

---

[7] *See id.* at 3–5 (raising these concerns about prejudice).

ORDER – No. 25-cv-06645-TLT (LB)                4

First, for now, the court defers discovery of class time or pay records and similar "fulsome" discovery into the Rule 23 prerequisites of commonality, typicality, and the like. Discovery about numerosity is different: it is not burdensome, the defendant seemingly identified the discovery in drafting the notice of removal, and it is relevant to evaluating the scope of the case.[8] Class contact information similarly is relevant to evaluating the scope of the case and is routine early discovery. "The predominant practice among courts in the Northern District of California is to allow pre-certification discovery of putative class members' confidential contact information subject to a protective order, without requiring a *Belaire-West* notice." *Rojas v. Bosch Solar Energy Corp.*, No. 18-cv-05841-BLF, 2020 WL 13733093, at *4 (N.D. Cal. Feb. 20, 2020) (cleaned up) (courts require *Belaire-West* notices only when there are special privacy concerns, such as the disclosure of medical or financial information, and/or when the parties have agreed to notice). The parties must meet and confer within seven days about a protective order and a reasonable timeline for production of the discovery.

Second, class policy documents — break policies, recording of work time, and payment of wages — also are relevant to assessing the case's scope and are not burdensome. Basic floor plans and distances are relevant to claims about uncompensated time and are not burdensome either.

Future disputes must be raised under the procedures in the attached standing order.

**CONCLUSION**

This resolves ECF No. 34.

**IT IS SO ORDERED.**

Dated: January 29, 2026

_____
LAUREL BEELER
United States Magistrate Judge

---

[8] Notice of Removal – ECF No. 1 at 6 (¶ 17) (at least 500 non-exempt employees); Dooley Decl. – ECF No. 1-2 at 2 (¶ 5) (500 non-exempt employees; at least 150 employees' employment ended).

United States District Court
Northern District of California